UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN L FJERSTAD,

          Plaintiff,

    v.

CAROLYN W COLVIN,

          Defendant.

CASE NO. C13-1860 MJP

ORDER ADOPTING REPORT AND
RECOMMENDATION

      THE COURT, after careful consideration of the Honorable Magistrate Judge John L. Weinberg's Report and Recommendation (Dkt. No. 24), Plaintiff Karen L. Fjerstad's ("Plaintiff") Objections to the Report and Recommendation (Dkt. No. 25), and Defendant Carolyn W. Colvin's Response to Plaintiff's Objections (Dkt. No. 26), ADOPTS the Report and Recommendation and DISMISSES this case with prejudice.

**<u>Background</u>**

      Plaintiff raises three objections to the Magistrate Judge's Report and Recommendation: (1) the Magistrate Judge erroneously concluded a medical source statement from mental health counselor Akiko Suzuki that Plaintiff submitted to the Appeals Council did not undermine the Administrative Law Judge's ("ALJ") decision; (2) the Magistrate Judge focused on evidence

supporting the ALJ's decision while ignoring the contrary evidence; and (3) the Magistrate

Judge's affirmance of the ALJ's credibility findings was contrary to the record.  (Dkt. No. 25.)

Plaintiff requests that the Court decline to adopt the Report and Recommendation and remand

this case to the Commissioner for further proceedings.  (Id. at 6.)

## Analysis

A.  Legal Standard

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the

Magistrate Judge's Report and Recommendation that has been properly objected to and may

accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28

U.S.C. § 636(b)(1).

B.  Plaintiff's Objections to the Report and Recommendation

1.  Medical Source Statement from Ms. Suzuki

The Magistrate Judge did not err in finding that a medical source statement from mental

health counselor Akiko Suzuki that Plaintiff submitted to the Appeals Council did not undermine

the ALJ's decision.  Plaintiff submitted a medical source statement from Ms. Suzuki to the

Appeals Council with her request for review of the ALJ's decision.  (Dkt. No. 25 at 1.)  Plaintiff

contends the evidence submitted to the Appeals Council "provided more detail as to how the

limitations had been assessed" and "was directly responsive to the ALJ's findings that the

opinions of Ms. Suzuki and Dr. Harmon and Plaintiff's allegations were inconsistent with

treatment notes . . . by referring to specific supporting behaviors not considered by the ALJ or by

Magistrate [J]udge Weinberg."  (Id. at 2.)

The Court must assess whether the evidence as a whole supports the Commissioner's

decision.  (Dkt. No. 24 at 8.)  Ms. Suzuki opined that Plaintiff "appeared to have difficulty

leaving her home or comprehending information when depressed or anxious" and that her

symptoms caused "moderate impairment with social and occupational functioning."  AR 22-23. In the medical source statement, Ms. Suzuki explained that while Plaintiff could present with "good social manners in public," Plaintiff "seems to present significant impairment in understanding people's behaviors . . ." AR 532.   The medical source statement did not "undermine," as the objections argue, "the ALJ's reliance on Plaintiff's presentation to treatment providers and interactions with her family" or the "ALJ's reliance on the non-examining sources who opined that Plaintiff had only mild difficulty with social functioning."  (Dkt. No. 25 at 2-3.) The medical source statement gave supporting details explaining Ms. Suzuki's earlier opinions but did substantially differ from her reports that were before the ALJ, as noted by the Magistrate Judge.  (Dkt. No. 24 at 8-9.)  The Magistrate Judge placed the new evidence within the entire record and correctly found the Commissioner's decision was still supported by substantial evidence.  (Id.)

    2.  Evidence Considered

        The Magistrate Judge did not, as Plaintiff argues, accept the ALJ's selective reading of the record without giving due consideration to contrary evidence.  (Dkt. No. 25 at 3.)  Plaintiff takes issue with the Magistrate Judge's acceptance of the ALJ's conclusion that Plaintiff's "records indicate fairly intact social and cognitive functioning despite some psychological impairments, and that her symptoms improved with psychiatric medication."  (Id.) Plaintiff contends the Magistrate Judge "failed to acknowledge that the ALJ's findings were based on Plaintiff's presentation at physical therapy and other treatment appointments" and that "treatment notes from Plaintiff's mental health counselor . . . documented that Plaintiff often missed her monthly appointments for a variety of reasons, exhibited difficulty making decisions and exercising judgment, and presented with depression and anxiety." (Id. at 3-4.)  Plaintiff argues "all of this evidence contradicts the ALJ's conclusory findings regarding Plaintiff's credibility

1    and the opinions of Ms. Suzuki and Dr. Harmon." (Id. at 4.) The treatment notes Plaintiff refers

2    to are from Plaintiff's sessions with Ms. Suzuki. (Id.)

3           The ALJ was required to provide only germane reasons for discounting Ms. Suzuki's

4    opinions. Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223-24 (9th Cir. 2002). As discussed

5    supra, Ms. Suzuki opined that Plaintiff "appeared to have difficulty leaving her home or

6    comprehending information when depressed or anxious" and that her symptoms caused

7    "moderate impairment with social and occupational functioning." AR 22-23. The ALJ assigned

8    limited weight to Ms. Suzuki's opinion because: (1) Ms. Suzuki is not from an acceptable

9    medical source; (2) Ms. Suzuki had only bimonthly meetings with Plaintiff; (3) the counseling

10   sessions consistently noted a stable mood; and (4) Plaintiff consistently reported leaving her

11   home on a daily basis to shop, transport her child to his various activities, and to socialize with

12   family. Id. The Magistrate Judge correctly found that the reasons provided by the ALJ for

13   assigning limited weight to Ms. Suzuki's opinions were germane and supported by substantial

14   evidence and did not engage in a selective reading of the record by discounting Ms. Suzuki's

15   opinions as Plaintiff alleges. (Dkt. No. 24 at 8.)

16          3.   Credibility Findings

17          The Magistrate Judge did not, as Plaintiff argues, err in concluding the ALJ's credibility

18   findings were supported by the record. Plaintiff raises two specific contentions regarding the

19   credibility findings: (1) the Magistrate Judge incorrectly recommends the Court affirm the ALJ's

20   reliance on "remote evidence of malingering" as a basis for rejecting the limitations alleged by

21   Plaintiff; and (2) the Magistrate Judge improperly accepted the ALJ's finding that Plaintiff's

22   "daily activities were consistent with an ability to sustain work activity at the light exertional

23   level with persistent concentration and some social interaction." (Dkt. No. 25 at 4-5.)

24

1    Plaintiff first contends the Magistrate Judge erroneously recommends that the Court

2    affirm the ALJ's reliance on "remote evidence of malingering as a basis for rejecting the

3    limitations that Plaintiff is now alleging." (Dkt. No. 25 at 4.)    Plaintiff misreads the Report and

4    Recommendation.  The Magistrate Judge concluded the evidence of malingering the ALJ cited to

5    in her opinion remained relevant, though minimally, because Plaintiff alleges some of the same

6    general impairments she alleged in the 2005 psychological evaluation.  (Dkt. No. 24 at 5.)

7    Further, the ALJ's credibility determination was also based on the fact that Plaintiff reported her

8    history of substance abuse and use of painkillers inconsistently.   AR 19.   Nonetheless, the

9    Magistrate Judge correctly found that the ALJ's reasons for rejecting Plaintiff's testimony

10   regarding the severity of her symptoms met the higher clear and convincing standard as well.

11   (Dkt. No. 24 at 5); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007).

12   The ALJ concluded Plaintiff's allegations regarding the severity of her physical and

13   mental symptoms were not credible because Plaintiff's medical records indicated that her

14   symptoms were not as severe as she reported during her hearing testimony.   AR 17-19.   The

15   ALJ's opinion was supported by specific references to Plaintiff's medical records that

16   contradicted her hearing testimony.  Id.  Contradiction with medical records is sufficient to reject

17   the claimant's subjective testimony.  Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008).

18   With respect to Plaintiff's psychological symptoms, the ALJ concluded Plaintiff's medical

19   records indicated "intact social and cognitive functioning despite her psychological impairments"

20   and noted Plaintiff's psychological symptoms improved with the use of medication.  AR 18-19.

21   Finally, the ALJ found that Plaintiff's daily activities showed greater mental and physical

22   functioning than alleged.  (Dkt. No. 24 at 6-7.)

23

24

1    Plaintiff's second argument is that the Magistrate Judge erroneously accepted the ALJ's

2  findings regarding Plaintiff's ability to perform full-time work because the ALJ did not make

3  specific findings regarding Plaintiff's daily activities.  (Dkt. No. 25 at 5.)  The ALJ summarized

4  Plaintiff's daily activities based both on her hearing testimony and other records in evidence.

5  AR 20.  Based on this evidence, the ALJ concluded Plaintiff "can perform full-time work at a

6  light exertional level with persistent concentration and some social interaction."  Id.  While

7  Plaintiff takes issue with the sufficiency of the ALJ's analysis, the Magistrate Judge correctly

8  found that the ALJ's reasons for concluding Plaintiff could perform full-time work were "clear

9  and convincing and based on substantial evidence in Plaintiff's record."  (Dkt. No. 24 at 7.)

10                                            **Conclusion**

11    The Court ADOPTS the Report and Recommendation.  Plaintiff's objections are the

12  same as her arguments to the Magistrate Judge.  The Magistrate Judge correctly found the ALJ's

13  decision was free of legal error and supported by the substantial evidence.  The Commissioner's

14  decision is AFFIRMED and the case DISMISSED with prejudice.

15    The clerk is ordered to provide copies of this order to all counsel.

16    Dated this 24th day of November, 2014.

17

18                                            Marsha J. Pechman
                                              United States District Judge
19

20

21

22

23

24